UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATH FEGELY, | : | |
|           Plaintiff, | : | |
| | : | No. 5:23-cv-4909 |
|     v. | : | |
| | : | |
| PORTFOLIO RECOVERY | : | |
| ASSOCIATES LLC, | : | |
|           Defendant. | : | |

**O P I N I O N**
**Defendant Portfolio Recovery Associates LLC's Motion for Sanctions, ECF No. 34– Denied**
**Plaintiff Heath Fegely's Motion to Dismiss, ECF No. 33 - Granted**

**Joseph F. Leeson, Jr.**                                                                               **October 28, 2024**
**United States District Judge**

I.    **INTRODUCTION**

       This case involves a claim against a debt collection agency for violating the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Defendant Portfolio Recovery Associates LLC filed a Motion for Sanctions and Plaintiff Heath Fegely filed a Motion to Dismiss the Complaint with Prejudice. For the reasons set forth below, Portfolio's Motion for Sanctions is denied, and Fegely's Motion to Dismiss is granted.

II.    **BACKGROUND**

       A.   *The FDCPA claim.*

       On October 16, 2023, Fegely filed a Complaint against Portfolio in the Court of Common Pleas for Allegheny County, Pennsylvania, for violating the FDCPA. *See* Compl., ECF No. 1-1. On November 30, 2023, Portfolio removed the case to the United States District Court for the Western District of Pennsylvania, *see* ECF No. 1, and on December 8, 2023, this action was transferred by court order to the Eastern District of Pennsylvania. *See* ECF No. 7.

The Complaint alleges that Portfolio failed to take appropriate action in response to a dispute letter sent by Fegely on August 16, 2023, which informed Portfolio of the disputed nature of any debts which Fegely might owe to Portfolio's collection agency. *See* Compl. ¶ 5. The letter, attached as Exhibit A to the Complaint, is handwritten and states "I noticed that you are claiming that I owe you some money? I have been pretty on top of all of my accounts, so this doesn't make any sense to me. I don't think I should owe you anything, I think this must be some sort of mistake." *Id.* at ¶ 6. The signature at the bottom of the letter reads "Heath Fegely." *See id.*, at Ex A. Fegely claims that Portfolio, after receiving the letter, had a duty under the FDCPA to reflect the disputed nature of any debts associated with Fegely and to communicate this disputed status to all credit reporting agencies. *Id.* at ¶ 7. Fegely further alleges that as of September 10, 2023, Portfolio had failed to update the disputed status of the debt and had inaccurately represented the status of the debt as "enforceable" to one or more credit reporting agencies in violation of the FDCPA, 15 U.S.C. § 1692e. *See id.* at ¶¶ 8-14.

B.  *Resolution of* Sofaly *and* Malcolm *in the Western District.*

On March 12, 2024, this Court stayed this matter pending the resolution of motions in two parallel cases in the Western District: *Sofaly v. Portfolio Recovery Associates, LLC*, 2:23-cv-02018 and *Malcolm v. Portfolio Recovery Associates, LLC*, 2:24-cv-00053. *See* ECF No. 18. Nearly identical to the present matter, each of these two cases involved a similar debtor-plaintiff who claimed that Portfolio Recovery Associates LLC violated the FDCPA by failing to take appropriate action in response to a handwritten dispute letter.[1] *See Sofaly v. Portfolio Recovery*

---

[1]  As established in Judge Bissoon's evidentiary hearing, the letters in *Sofaly* and *Malcolm* are practically identical and use several of the same sentences and phrases, making it hard to conceive that they were drafted by different individuals. *See* Transcript. Importantly, these two letters seem to display the same handwriting as that allegedly sent by Fegely, and the Sofaly and Fegely signatures appear in the same handwriting as well. *Compare Sofaly*, 2024 WL 3652866 at *8 (Attachments) *with* Compl. Exhibit A, ECF No. 1-1.

*Associates, LLC*, No. CV 23-2018, 2024 WL 3652866 (W.D. Pa. Aug. 5, 2024). The same counsel for Mr. Fegely also represented plaintiffs Sofaly and Malcolm. *See id.* The same defense counsel also represented Portfolio in all three cases. *See id.*

In both *Sofaly* and *Malcolm*, Portfolio alleged that plaintiffs' counsel, J.P. Ward & Associates, LLC, acted in bad faith by using the letters to intentionally sidestep the debt-dispute review process and force Portfolio to incur an FDCPA violation. *See id.* To this effect, on February 20, 2024, the Honorable Cathy Bissoon held a joint evidentiary hearing for both cases, during which lead counsel for the plaintiffs testified that his law firm staff had handwrote both letters using the same "template," had signed each letter *as though they were the debtors*, and that this tactic was designed to bring about an FDCPA violation for which they could sue Portfolio. *See* Transcript, Feb. 20, 2024, ECF No. 34-1. Plaintiff's counsel revealed that his firm often uses handwritten letters (which avoid using the word "dispute" and describe general confusion or distress over a debt) to evade detection by collection agencies as true "dispute" notices because their scanning software is unlikely to flag them as such: "You send disputes. You check the credit reports. They don't update it. Bang. E8 violation." *See id.*, 38:6-8. After a rule to show cause and further briefing, Judge Bissoon issued an Opinion on August 5, 2024, issuing sanctions against Plaintiff's counsel in each case pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent authority, before dismissing both cases with prejudice.

C.  *Motion for Sanctions and Motion to Dismiss.*

After receiving the disposition in the *Sofaly* and *Malcolm* cases, Fegely filed a Motion to Dismiss the present case with prejudice because "the underlying claims in this instant matter are no longer viable." *See* Motion to Dismiss, ECF No. 33, ¶ 7. That same day, Portfolio filed a Motion for Sanctions on the same basis as that argued in the Western District. *See* Motion for Sanctions, ECF No. 34. Here, Portfolio argues that Plaintiff's counsel engaged in the same bad

faith "tactics" that warranted sanctions in *Sofaly* and *Malcolm*, and that Fegely misrepresented that fact to this Court when he, through counsel, attached the handwritten letter to the Complaint and attributed it to Fegely. *See* Compl. ¶ 23 ("Heath Fegely sent Portfolio Recovery Associates the First Dispute Letter communicating the disputed nature of any and all debts."); *see id.* at Ex. A (letter).[2] This Court has since lifted the stay in this matter and denied Portfolio's request for an evidentiary hearing on the Motion for Sanctions. *See* ECF Nos. 35, 42. During a telephone conference with the Court on October 15, 2024, Plaintiff's counsel represented that the outcomes in *Sofaly* and *Malcolm* have sufficiently deterred his firm from repeating the same or similar conduct going forward, and this Court took the Motion for Sanctions and the Motion to Dismiss under advisement. *See* ECF No. 42. This Court is now ready to render a decision on both.

### III.  STANDARD OF REVIEW

#### A. Sanctions – Review of Applicable Law

A court may issue sanctions pursuant to statute,[3] rule,[4] or the court's inherent power.[5] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *In re Prudential Ins. Co. America Sales*

---

[2]  Plaintiff's counsel testified in *Sofaly* and *Malcolm* that his firm's tactic included a routine practice of handwriting "goofy" letters with "fluff" that would throw Portfolio off the scent of a dispute letter. *See* Transcript. Compare the "fluff" in the Sofaly and Malcolm letters:
> In addition have you tried to go and find a new computer or a new TV or anything like that recently? It is so hard, everything is 'high tech' . . . I just want a TV to watch the games on Sunday and meanwhile they're trying to sell me some crazy XR-65A80K thing and I just don't understand.

*Sofaly*, 2024 WL 3652866, at *8 (Attachments), with the apparent "fluff" in Fegely's letter:
> There are so many important things I would rather be focusing on, like my physical and mental health. In fact, I've started meditating and I think I might try to get in shape and run a marathon soon!

Compl. at Ex. A.

[3]  *See* 28 U.S.C. § 1927.

[4]  *See* Fed. R. Civ. P. 11.

[5]  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) (holding that "neither 28 U.S.C. § 1927 nor Federal Rule of Civil Procedure 11 limits a court's inherent authority to sanction bad-faith conduct when the party's conduct is not within the reach of the rule or the statute" (internal quotation omitted)).

*Practice Litigation Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002). District courts are generally cautioned to implement sanctions only in "exceptional circumstances," such as the filing of an unmeritorious or frivolous claim. *Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

Rule 11 of the Federal Rules of Civil Procedure enables the court to issue appropriate sanctions against an attorney or party for presenting to the court "a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—" which alleges facts that lack evidentiary support or is filed for an improper purpose. Fed. R. Civ. P. 11(b), (c)(2). The "central goal" of Rule 11 is to deter parties and counsel from filing unsupported or frivolous documents. *See Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 151 (3d Cir. 2024) (affirming sanctions which were "tailored . . . to Rule 11's central goal—deterrence" so as "to prevent future misleading statements" to the court). *See also Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. College of Pennsylvania*, 103 F.3d 294, 301 (3d Cir. 1996) ("The 1993 revision ... makes clear that the main purpose of Rule 11 is to deter, not to compensate."). Rule 11 imposes on any party or counsel who signs a pleading, motion, or other paper an "affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991). Thus, a court tasked with deciding a motion for sanctions under Rule 11 must determine whether the signer's endorsement and filing of the document were reasonable under the circumstances. *Business Guides*, 498 U.S. at 551. This is an "objective standard of reasonable inquiry" which does not mandate a finding of bad faith on the part of the signer. *Chambers*, 501 U.S. at 47 (citing *Business Guides*, 498 U.S. at 548–549). *See also Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988).

By contrast, "the inherent power that a district court retains to sanction attorneys" usually requires bad faith. *Martin*, 63 F.3d at 1265. A court is justified in issuing sanctions pursuant to its inherent power where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *In re Prudential*, 278 F.3d at 189 (quoting *Chambers*, 501 U.S. at 45-46). Yet the Third Circuit cautions against overuse of such power, because "resort to these inherent powers is not preferred when other remedies are available," *id.*, and "should be reserved for those cases in which the conduct of a party or attorney is egregious." *Id.* (quoting *Martin*, 63 F.3d at 1265).

### B. Voluntary Dismissal with Prejudice Under Fed. R. Civ. P. 41(a)(2) – Review of Applicable Law

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, at a plaintiff's request, "an action may be dismissed . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Though a court's decision is discretionary, voluntary dismissals have been permitted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Gilbreth Intern. Corp. v. Lionel Leisure, Inc.*, 587 F. Supp. 605, 614 (E.D. Pa. 1983)[6]; *see Westinghouse Electric Corp. v. United Electrical Radio and Machine Workers of America*, 194 F.2d 770, 771 (3d Cir. 1952), *cert. denied*, 343 U.S. 966 (1952). When a plaintiff moves to voluntarily dismiss *with prejudice*, such relief "in effect grants judgment in favor of defendant at the request of the plaintiff; defendants are in the same position they would have been in had the trial occurred, except they save the additional costs of litigation." *Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, 1999 WL 675469, at *2 (E.D.

---

[6] *Gilbreth Intern. Corp. v. Lionel Leisure, Inc.* was disapproved of by *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir. 1985), but only with respect to *Gilbreth's* finding that exceptional circumstances could justify an award of attorney fees following the dismissal of a claim with prejudice. *Gilbreth* still correctly stands for the proposition that a court may grant a voluntary dismissal with prejudice absent prejudice to the defendant.

Pa. Aug. 31, 1999). For this reason, a motion to voluntarily dismiss with prejudice may be considered nondiscretionary. *See Protocomm Corp. v. Novell, Inc.*, 171 F. Supp. 2d 459, 471 (E.D. Pa. 2001). This Court has held that it "must grant that request" because it cannot force an unwilling plaintiff to try his case. *Protocomm*, 171 F. Supp. 2d at 471 (quoting *Spring City Corp. v. American Bldgs. Co.*, 1999 WL 1212201, at *1 (E.D. Pa. Dec. 17, 1999); *see* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (4th Ed, 2024) (stating that "when a plaintiff wishes to dismiss with prejudice . . . it has been held that the district court has no discretion to refuse to dismiss").

## IV. ANALYSIS

### A. Portfolio's Motion for Sanctions is Denied.

Portfolio argues that the deceptive tactics of Plaintiff's counsel and Fegely's endorsement thereof empower this Court to issue sanctions pursuant to its own authority, and that misrepresentation to the Court in a pleading empowers this Court to issue sanctions pursuant to Rule 11. This Court is undoubtedly vested with such power but declines to issue sanctions here.

The Western District's treatment of the very same conduct by Plaintiff's counsel is informative. Though filed on behalf of different plaintiffs, *Sofaly* and *Malcolm* involved the same plaintiff's counsel, J.P. Ward & Associates, LLC, the same defendant, Portfolio Recovery Associates LLC, and the same defense counsel as the present case. *See Safely v. Portfolio Recovery Associates, LLC*, 2:23-cv-02018, and *Malcolm v. Portfolio Recovery Associates, LLC*, 2:24-cv-00053. *See also* Transcript 2. Importantly, the individual plaintiffs in *Sofaly* and *Malcolm* were not sanctioned. *See Sofaly*, 2024 WL 3652866 at *8. The court found that these plaintiffs "had done nothing wrong," except place their trust in lawyers who abused it. *Id.* at *7. Sanctions were imposed against Plaintiff's counsel only*, and included fees, costs, and expenses as well as a court-ordered apology to their clients, Sofaly and Malcolm. *Id.* at *8. Here, as in the

Western District, Fegely's improper conduct was limited to knowledge or approval of his attorney's tactics and will not be sanctioned. His attorney's firm is responsible for its own conduct.

This Court's sanctioning power under Rule 11 is focused on one objective: deterrence. *See Wharton*, 95 F.4th at 151. Similarly, the inherent power vested in this Court to sanction bad faith conduct is limited to situations in which no other suitable remedies are available. *In re Prudential*, 278 F.3d at 189. Here, Plaintiff's counsel does not dispute that his firm wrote and sent the dispute letter, nor that it misrepresented this fact to the Court in the Complaint and related attachments. Instead, Plaintiff's counsel promptly moved to voluntarily dismiss. *See* Motion to Dismiss. Whether the Motion to Dismiss is the result of a sudden realization of wrongdoing or merely recognition that further litigation was futile, Plaintiff's counsel represented to this Court that the outcomes in *Sofaly* and *Malcolm* have sufficiently deterred him and his firm from exhibiting the same deceptive tactics going forward. This Court is inclined to agree, particularly because Judge Bissoon's opinion does not read lightly. It accurately and forcefully imparts the seriousness of attorney misconduct, namely of allowing one's litigation methods to obfuscate "the line between advocacy and disingenuity." *Sofaly*, 2024 WL 3652866 at *7. Ultimately, Her Honor issued sanctions pursuant to Rule 11 *and* the court's inherent authority. *Sofaly*, 2024 WL 3652866 at *6. This sends a clear message.

Certainly, it is not the intention of this Court to downplay the severity of counsel's conduct by not issuing sanctions, but rather to reinforce that which has already been said. "[T]he Court cannot countenance the utilization of deceptive 'tactics' that trample the duties of professional responsibility and Rule 11." *Id.* at *7. This Court need not objectively review Plaintiff counsel's conduct for reasonableness because that has already been done, and it believes that counsel is sufficiently deterred from exhibiting similar conduct in the future. Plus, Portfolio

has already had recourse for this same course of conduct, albeit in another court, and thus to issue sanctions here would not provide an otherwise unavailable remedy. *See In re Prudential*, 278 F.3d at 189. The Motion for Sanctions as against Fegely and his counsel is denied as cumulative, duplicative and unnecessary – in particular, since Plaintiff counsel has already incurred sanctions that this Court deems sufficient to deter future similar conduct by counsel.

### B. Fegely's Motion to Dismiss the Complaint is Granted.

Fegely moves to dismiss this case with prejudice, given the outcome in *Sofaly* and *Malcolm*. This Court agrees with its sister district that all three of these lawsuits "were corrupt at their inception, and they cannot go forward." *Sofaly*, 2024 WL 3652866 at *6. However, rather than choose to dismiss as a sanction pursuant to Rule 11(c), *see id.*, this Court must dismiss with prejudice based on the nature of Fegely's voluntary motion to end litigation. *See Protocomm*, 171 F. Supp. 2d at 471. Moreover, Portfolio does not argue that it would be prejudiced by a dismissal, and this Court has no reason to believe it would. The Motion to Dismiss with Prejudice is granted.

## V. CONCLUSION

This Court finds that the sanctions already imposed against Plaintiff's counsel are a sufficient deterrent against future use of deceptive litigation tactics, and that Fegely is entitled to voluntarily dismiss his suit with prejudice. This Court denies Portfolio's Motion for Sanctions, and grants Fegely's Motion to Dismiss. All of the claims in the Complaint are dismissed with prejudice.

A separate order follows.

                                        BY THE COURT:


                                        */s/ Joseph F. Leeson, Jr.*              
                                        JOSEPH F. LEESON, JR.
                                        United States District Judge